## No. 746.

### AUGUST BERNHEIM & CO. VS. THOMAS KELLY.

The proceedings in execution of a mandate of a court are not to be trifled with. The obligations assumed by a purchaser at a sheriff's sale cannot be put on and off at pleasure.

Where the bid at such sale is made by another, at the time unauthorized, but the party in whose name the bid was made afterwards adopts it as his own, this ratification of the bid will bind him, and he will be compelled to comply with it.

APPEAL from the District Court for Caddo.    LOONEY, J.

*Land & Taylor* for Plaintiffs.    *Slattery* for Defendant.

MANNING, C. J.   The plaintiffs, having obtained judgment against Nathan Weil for $505 with interest, caused a writ of *fieri facias* to issue thereon, and under that writ, the sheriff seized a judgment in a suit of Nathan Weil *v.* Mock & Weil in the District Court of Caddo, for $5,970 and interest.

The seized judgment was advertised for sale, but failing to bring two-thirds of its appraised value, was reoffered on a credit of twelve months and was bid in by Nathan Weil at the price of $550 ; but he failing to give the required bond, the judgment was again advertised for sale on a credit of twelve months, and on March 3, 1877, was adjudicated to Thomas Kelly at the price of $650.   Kelly refusing

Bernheim & Co. *vs.* Kelly.

to execute his bond, in compliance with the adjudication, the present suit was brought to compel a specific compliance, or in default thereof to recover as damages the amount of plaintiffs' judgment against Nathan Weil with interest and costs.

The defendant Kelly, after pleading the general issue, specially denies that he ever authorized any one to purchase the judgment for him, and avers that the sale was irregular and illegal, and that the sheriff never made any seizure of the judgment and could not put him in possession thereof.

(Here the evidence is recited which the reporter omits.)

Finally Kelly refused to execute the bond, saying, "it was all a joke," and he produced the clerk of the court as a witness, who, it appears, was the person who made the bid for him, and who says that he did so without authority from him. The defendant in his own testimony would have us believe that all these acts of the executive officer of the court, these conversations with attorneys in which were propositions and counter-propositions concerning the settlement of business, were but the successive effervescences of prolonged hilarity.

It is superfluous to say that such an interpretation of his conduct is inconsistent with his negotiations with the plaintiff's attorney, with his declarations to Mr. Wise, and his reply to the deputy sheriff when he demanded the execution of the bond. And if he had not authorized the particular person who made the bid for him, his subsequent words and acts shew that he authorized the bidding to be done by some one, and amounts to a ratification and adoption of the bid as his own. The proceedings in execution of the mandate of a court cannot be trifled with with impunity, and the clerk, whose official signature to the *fieri facias* was the authority of the sheriff to make the sale, cannot escape rebuke for interposing himself without express authority in these proceedings.

The seizure of the judgment appears to have been regular, and the defence in that particular is as unsubstantial as in the other. The plaintiffs had judgment below.

*Judgment affirmed.*